UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DORAM ANTHONY PETERKIN, | : | |
|    *Petitioner*, | : | |
| | : | |
| v. | : | No. 3:19-CV-497 (KAD) |
| | : | |
| BOARD OF PARDONS AND PAROLES, | : | |
|    *Respondent*. | : | June 25, 2019 |

**MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DE#7)**

**Statement of the Case**

On April 4, 2019, the petitioner, Doram Anthony Peterkin ("Petitioner"), a state prisoner currently confined at the Corrigan-Radgowski Correctional Institution in Uncasville, Connecticut, filed this Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2254 against the Connecticut Board of Pardons and Paroles ("Respondent"). Pet. (DE#1). The sole ground raised in his petition is that the state court's imposition of special parole in addition to his term of imprisonment violates Connecticut General Statutes §§ 53a-28(b) and 54-125e, as recently amended by 2018 Conn. Acts 63 ("Public Act 18-63"). *Id.* at 9, 22. Petitioner requests that this Court vacate his special parole term. *Id.* at 22.

On May 1, 2019, Respondent moved to dismiss the petition on two grounds: (1) the petition is time-barred under 28 U.S.C. § 2244(d)(1)(A); and (2) Petitioner failed to exhaust his state court remedies under 28 U.S.C. § 2254(b)(1)(A). Mot. to Dismiss (DE#7); Mem. of Law in Supp. of Resp't's Mot. to Dismss ("Resp't Mem.") (DE#7-1). On May 20, 2019, Petitioner filed an opposition to Respondent's motion; Mot. in Opp'n of the Resp't Mot. to Dismiss ("Pet'r Opp'n") (DE#8). For the following reasons, the Petition is dismissed without prejudice for failure to exhaust state court remedies.

**Standard of Review**

This Court reviews a motion to dismiss a habeas petition according to the same principles as a motion to dismiss a civil complaint under Fed. R. Civ. P. 12(b)(6). *See Purdy v. Bennett*, 214 F. Supp. 2d 348, 353 (S.D.N.Y. 2002). To survive a motion to dismiss, the petition "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when . . . [the] [petitioner] pleads factual content that allows the [C]ourt to draw the reasonable inference that the [respondent is] liable for the misconduct alleged." *Id.* The plausibility standard is not a probability requirement; the petition must show, not merely allege, that the petitioner is entitled to relief. *See id.*

The Court must accept as true the factual allegations in the petition and draw all reasonable inferences in the petitioner's favor. *Ashcroft*, 556 U.S. at 678. This principle does not, however, apply to the legal conclusions that the petitioner draws in the petition. *Id.*; *Bell Atlantic Corp.*, 550 U.S. at 555; *see also Amaker v. New York State Dept. of Corr. Servs.*, 435 F. App'x 52, 54 (2d Cir. 2011) (same). Accordingly, the Court is not "bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quoting *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (internal quotation marks omitted)). "Where . . . the [petition] was filed *pro se*, it must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). Nevertheless, a *pro se* petition still must "state a claim to relief that is

plausible on its face." *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Ashcroft,* 556 U.S. at 678).

In deciding a motion to dismiss, the Court may "take judicial notice of public records such as pleadings, orders, judgments, and other documents from prior litigation, including state court cases." *Lynn v. McCormick*, No. 17-CV-1183 (CS), 2017 WL 6507112, at *3 (S.D.N.Y. Dec. 18, 2017) (citing *Lou v. Trutex, Inc.*, 872 F. Supp. 2d 344, 349 n.6 (S.D.N.Y. 2012)); *see also Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).

**Facts and Procedural History**

On May 9, 2016, Petitioner pleaded guilty in state court to two counts of possession with intent to sell a controlled substance, in violation of Connecticut General Statutes § 21a-277(a). Pet. at 2; *State v. Peterkin*, No. K21N-CR15-0128552-S (Conn. Super. Ct. May 9, 2016); *State v. Peterkin*, No. K21N-CR15-0126953-S (Conn. Super. Ct. May 9, 2016). The state court imposed a sentence of 731 days of imprisonment, followed by three years of special parole. *Peterkin*, No. K21N-CR15-0128552-S; *Peterkin*, No. K21N-CR15-0126953-S.

On September 21, 2018, Petitioner filed a petition for writ of habeas corpus in state court. *Peterkin v. Comm'r of Corr.*, No. TSR-CV18-4009732-S (Conn. Super. Ct. Sept. 21, 2018). Therein, Petitioner raised the same ground for relief that he asserts in the instant Petition, to wit, that the state court's imposition of special parole was rendered illegal by Public Act 18-63. State Pet., Resp't's Ex. C (DE#7-4). The state petition remains pending. On May 24, 2019, after filing the instant Petition in this Court, Petitioner filed a direct appeal from the state court judgment in the Connecticut Appellate

3

Court. *State v. Peterkin*, No. AC 42980 (Conn. App. May 24, 2019). That appeal also remains pending.

**Discussion**

As indicated, Petitioner contends that Public Act 18-63 renders the state court's sentence of special parole illegal. The new legislation, which became effective on October 1, 2018, prohibits a state court from imposing a term of special parole for convictions of offenses under Chapter 420b of the Connecticut General Statutes, which includes § 21a-277(a), the offense of which Petitioner was convicted in May 2016. *See* Pet. at 23; Resp't Mem. at 6. Specifically, Public Act 18-63 amended the state's sentencing statute, § 53a-28(b), to provide as follows:

> Except as provided in section 53a-46a, when a person is convicted of an offense, the court shall impose one of the following sentences: . . . (9) a term of imprisonment and a period of special parole as provided in section 54-125e, **except that the court may not impose a period of special parole for convictions of offenses under chapter 420b**.

Conn. Gen. Stat. § 53a-28(b) (emphasis added). The Act is silent as to whether the amendment to § 53a-28(b) applies retroactively. Pet. at 22. Petitioner argues, however, that the amendment renders illegal his three-year term of special parole. *Id.* at 9, 22-23.

Respondent first argues that the Petition should be dismissed because it is time-barred under § 2244(d)(1)(A) because it was filed more than one year after the judgment of conviction became final. Resp't Mem. at 3-4. Indeed, Petitioner was sentenced on May 9, 2016, and he did not seek any post-conviction relief until September 21, 2018, when he filed his state habeas petition. However, the one-year limitations period under § 2244(d)(1) runs from the latest of one of four events, one of which is "the date on which the factual predicate of the claim . . . presented could have been discovered through the

4

exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Because Petitioner could not have discovered the factual predicate of his claim regarding the legality of his sentence until the enactment of Public Act 18-63, Section 2244(d)(1)(D) is the applicable limitations period for Petitioner's petition.[1] The instant Petition, which was filed on April 4, 2019, was timely and is not time-barred.

Respondent next seeks dismissal because Petitioner failed to exhaust his state court remedies under § 2254(b)(1)(A) before filing the instant Petition. Resp't Mem. at 5-7. Petitioner does not deny that he previously filed a petition for writ of habeas corpus in state court, which remains pending, but states that he "was unaware that he had to wait for a decision" by the state court before pursuing his claim in a federal habeas petition. Pet'r Opp'n at 2.

A prerequisite to habeas corpus relief under § 2254 is the exhaustion of available state court remedies. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). In order to properly exhaust his federal claim, Petitioner must fairly present the factual and legal bases of the claim to the highest state court capable of reviewing it and utilize all available means to secure appellate review. *See Galdamez v. Keane*, 394 F.3d 68, 73–74 (2d Cir. 2005). Failure to exhaust state remedies may be excused only if "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*); 28 U.S.C. § 2254(b)(1)(B).

---

[1] Public Act 18-63 did not become effective until October 1, 2018. However, it appears Petitioner discovered the change in state law prior to its official enactment because he filed his state habeas corpus action on September 21, 2018. Nevertheless, the filing of the state petition tolls the running of the limitations period under § 2244(d). *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).

5

In this case, there is no claim by Petitioner that he exhausted his state court remedies and indeed, it is clear he did not. Both his state habeas petition, which raises the same claim regarding the validity of his sentence, and his direct appeal remain pending in the state courts. Simply because he was unaware of his obligation to exhaust his state court remedies, does not excuse him from having to do so. Because the state courts have not yet had a full and fair opportunity to address Petitioner's claim, this instant Petition is subject to dismissal.[2]

**Conclusion**

The motion to dismiss the Petition (DE#7) is GRANTED on the ground that Petitioner failed to exhaust his state court remedies. The Petition is hereby DISMISSED without prejudice subject to refiling after proper exhaustion in state court. The "Motion for Relief of Disclosure Order and Extension of Time to Amend" (DE#9) and "Motion Seeking Emergency Relief" (DE#11) are DENIED as moot. The clerk is directed to close this case.

**SO ORDERED.**

---

[2] Even if exhausted, it is unclear whether Petitioner's claim is cognizable for review under § 2254. To obtain federal habeas corpus relief under § 2254, Petitioner must show that the state court judgment:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A claim that a state court judgment was obtained in violation of state law is not cognizable in this Court. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991). In the instant Petition, Petitioner claims that the state court's imposition of special parole violated a recently enacted state statute. Thus, as written, the instant Petition does not appear to state a federal constitutional claim. *See White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where . . . the [state] sentence is within the range prescribed by state law"); *Sbraccia v. Leonardo*, No. 96-CV-290 (RSP/RWS), 1997 WL 113835, at *2 (N.D.N.Y. Mar. 10, 1997) (claim that sentence violated state statute not cognizable under § 2254). In the event Petitioner decides to pursue this claim following proper exhaustion in state court, he must show that the state court judgment regarding the validity of his sentence violated his federal constitutional rights.

Dated this 25th day of June 2019 at Bridgeport, Connecticut.

_____/s/_____
Kari A. Dooley
United States District Judge